IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-93-MN-2 |
| | ) |
| THOMAS BROOKS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 29th day of January 2026;

Defendant Thomas Brooks pleaded guilty to a four-count superseding information, which charged him with (i) conspiring to distribute cocaine, (ii) possession with intent to distribute cocaine and heroin, (iii) unlawful firearm possession, and (iv) possession of a firearm in furtherance of drug trafficking. (D.I. 111, 112). More specifically, Defendant distributed heroin and cocaine for his co-defendant, Brian Wilson ((Presentence Investigation Report dated Feb. 15, 2018 ("PSR") ¶¶ 24, 28-33) and stored drugs at his home (PSR ¶ 36).[1]  When the home was searched, 123 grams of cocaine, more than 14 grams of heroin, and a handgun were found. (PSR ¶ 35).

On February 28, 2018, Judge Leonard P. Stark sentenced Defendant to 180 months imprisonment. (*See* D.I. 178). The BOP has calculated Defendant's projected release date as December 11, 2029. He has served approximately nine years of his sentence. Defendant has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(l)(A) arguing that he is eligible for compassionate release because he suffers from Crohn's Disease. (D.I. 523).

---

[1] Defendant's home was the target of a home invasion in November 2016, during which his adult son was shot Defendant shot at the intruder. (PSR ¶ 34).

The statute applicable to this motion, 18 U.S.C. § 3582(c), provides:

> (c) **Modification of an Imposed Term of Imprisonment**. The court may not modify a term of imprisonment once it has been imposed except that –
>
> > (1) in any case –
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> > >
> > > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> >
> > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Further, there is an application note that provides:

1. Extraordinary and Compelling Reasons.  Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

>(A) Medical Condition of the Defendant.
>
>>(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>>(ii) The defendant is –
>
>>>(I) suffering from a serious physical or medical condition,
>>>
>>>(II) suffering from a serious functional or cognitive impairment, or
>>>
>>>(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

>(B) Age of the Defendant.  The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>(C) Family Circumstances.
>
>>(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>>(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>(D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

"The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). To obtain relief under section 3582(c)(1)(A)(i), Defendant must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) "extraordinary and compelling reasons" warrant a reduction of his sentence, and (3) a reduction is consistent with the factors set forth in section 3553(a). Courts have addressed these factors in sequence. *See United States v. Leonard*, No. CR 16-75-RGA, 2020 WL 3207085, at *2 (D. Del. June 15, 2020)[2] (citing *United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020)).

Here, there is no dispute that Defendant has satisfied the exhaustion requirement. (D.I. 523 at 3; D.I. 534 at 3). Defendant argues that he should be released because he suffers from Crohn's Disease and that that is sufficient to get relief "if coupled with a prison's inability to address the condition." (D.I. 523 at 1). Defendant's motion and supporting materials, however, make no specific allegation that the BOP is not treating his Crohn's Disease or that the BOP is unable to treat his Crohn's Disease. To the contrary, Defendant acknowledges that (i) he does not require any durable medical equipment, (ii) he does not require assistance with self-care, and (iii) he does not require assisted living. (D.I. 523-2 at 6). And the medical notes from his treatments indicate that he is being treated with effective medication and is "stable." (D.I. 534, Sealed Exhibit 2). They further suggest that to the extent additional testing has been suggested, Defendant has refused it. (*Id.*).

---

[2] In *Leonard,* the court included an additional factor – that the defendant show "an absence of dangerousness," which is found in the policy statement. *Leonard,* No. CR-16-75-RGA, 2020 WL 3207085, at *2. Since *Leonard*, however, the Third Circuit has made clear that the "policy statement requiring the absence of dangerousness [is] nonbinding." *United States v. Hurd*, No. 22-1084, 2022 WL 17352168, at *1 (3d Cir. Dec. 1, 2022) (citing *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021)).

"[C]ompassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019); *United States v. Willis*, 382 F.Supp. 3d 1185, 1188 (D.N.M. 2019) ("[M]ost courts treat compassionate release due to medical conditions [a]s . . . a rare event.") (internal quotations and citation omitted). Additionally, because compassionate release is an "exceptional remedy" that is rarely granted, "general allegations of [a] medical condition, without the necessary specificity, are insufficient to establish the 'rare circumstances' that would justify a grant of compassionate release[.]" *United States v. Carazolez*, 2020 WL 5406161, at *4 (D.N.J. Sept. 9, 2020).

Here, applying the standards set out in U.S.S.G. § 1B1.13, Defendant's Crohn's disease falls short of a showing of extraordinary and compelling reason for a sentence reduction. Defendant has suffered from Crohn's Disease since 2010, years before his arrest. He has undergone various surgeries to treat his condition. It appears, however, that the BOP, however, is providing all necessary treatment. In fact, the records show that Brooks's symptoms have improved over the past two years and appear to be stable.

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion (D.I. 523) is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge